UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY CHARLES CLEVELAND,

    Plaintiff,

    v.

R. REYNOSO, et al.,

    Defendants.

Case No. 20-cv-00906-YGR (PR)

**ORDER OF SERVICE**

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at the Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against the following SVSP prison officials: Sergeant M. Barroso; Correctional Officers R. Reynoso and M. Cervantes; and John Does 1&2, who are unnamed SVSP correctional officers. Dkt. 1 at 2-3.[1] Plaintiff seeks declaratory relief, compensatory damages, and punitive damages. *Id.* at 18.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to his claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

1  monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2).

2  *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*,

3  901 F.2d 696, 699 (9th Cir. 1988).

**III. DISCUSSION**

    **A. Plaintiff's Allegations**

In his complaint, Plaintiff, who is wheelchair-bound, claims that on June 10, 2017, he took non-prescribed medications and was taken to an outside hospital. Dkt. 1 at 3. At the hospital, he explained that he took the non-prescribed medications due to safety concerns in Facility-B, where he was housed at SVSP. *Id.* He "identified the perpetrator as the person who shot [him] in the back in 1980, who was documented as an enemy in [his] CDCR C-File . . . ." *Id.*

When Plaintiff returned to SVSP from the hospital, he was interviewed by Dr. Nguyen from the Mental Health Department, who contacted Defendant Barroso regarding Plaintiff's safety and recommended that Plaintiff be place in the Administrative Segregation Unit. *Id.*

Plaintiff refused to be taken back to Facility B "out of fear of attack of violent assault by his enemy." *Id.* at 4. However, Defendant Barroso refused to follow Dr. Nguyen's recommendation and ignored Plaintiff's safety concerns, stating; "You do not have an enemy on this yard, you are mistaken." *Id.*

Plaintiff was then taken to the gymnasium at Facility B where there is no accessible wheelchair holding cell. *Id.* Defendants Reynoso, Cervantes and John Does 1&2 took Plaintiff to the gymnasium and tried to have Plaintiff enter a stand-up holding cage. *Id.* at 5. Plaintiff informed them that he was not able to enter the stand-up holding cage, which led to a heated verbal discussion between Defendant Reynoso and Plaintiff. *Id.* at 5-6. Defendant Reynoso threatened to "dump Plaintiff out of the wheelchair." *Id.* at 6. Defendants then forcefully removed Plaintiff from his wheelchair into the holding cell. *Id.* Plaintiff claims that he put his wheelchair brakes on lock, and Defendant Reynoso "shoved with force Plaintiff's wheelchair forward in attempt to dump Plaintiff out of his wheelchair, but the wheelchair tilted forward and came back down, and the wheelchair back touched the officer's vest." *Id.* at 7. Plaintiff claims that he was handcuffed and "did not resist in any way." *Id.* Defendant Reynoso placed his arm

around Plaintiff's neck, Defendant Cervantes grabbed Plaintiff's shirt, and John Does 1&2 "slammed Plaintiff out of his wheelchair on his face to the concrete ground." *Id.* Plaintiff claims that he was handcuffed, and "he could not break the fall and went down hard on his face, head and shoulder." *Id.* Defendant Reynoso then started "kneeing Plaintiff with his knee on the back of Plaintiff's neck, pressing Plaintiff's face into the concrete ground, alon[g] with his other knee pressing his body weight on Plaintiff's back, where Plaintiff couldn't breathe." *Id.* While Plaintiff was being held down, he was "being physically struck on the top part of his head by punch[e]s with his fist, assaulting Plaintiff without provocation." *Id.* at 8. Meanwhile, Defendant Cervantes was on Plaintiff's lower back and legs, "punching Plaintiff in his ribs and calves multiple times in an attempt to separate his legs/ankles." *Id.* Again, Plaintiff claims he was still not resisting during this attack, but Defendants keep yelling "stop resisting," *Id.* Finally, Defendants Cervantes and John Does 1&2 "hog-t[i]ed" Plaintiff. *Id.*

Plaintiff claims that he was "left lay[ing] helpless on the gym floor handcuffed until Lieutenant E. Ivey II instructed his subordinates to assist Plaintiff back into his wheelchair." *Id.* at 10. Defendant Reynoso then "jerked [Plaintiff] up off the ground from the back of his suicidal-smock, lifting him up and dropping Plaintiff back in his wheelchair." *Id.*

Plaintiff suffered "excruciating pain felt throughout his body from being hit, and kicked in his ribs, punched on his head, slammed on his face, head and shoulder." *Id.* at 11. According to the medical report, Plaintiff "showed clear bruises, among the injuries to his face and legs." *Id.* He "suffered [a] bruised shin and swelling over [his] knees, and bruised shin on [his] back and upper arms, in multiple areas of bring red bruising, scratches and abrasions on Plaintiff's back and legs." *Id.*

To "cover up their excessive force," Plaintiff claims "Defendants fabricated a Rules Violation Report ("[CDCR Form] 115") regarding the incident." *Id.* at 12. In addition, Defendant Reynoso "filed a false report saying that Plaintiff committed a battery on him." *Id.*

### B.     Legal Claims

In his complaint, Plaintiff alleges multiple claims involving the named Defendants based on the aforementioned allegations. Specifically, the Court finds that Plaintiff has alleged the

3

following cognizable claims against the following named Defendants:

> (1) a claim of deliberate indifference to Plaintiff's safety against Defendant Barroso in violation of the Eighth Amendment, stemming from the June 11, 2017 incident during which Defendant Barroso "disregarded his duty to protect the health and safety [of Plaintiff] . . . [and] knowingly disregard[ed] a substantial risk of serious harm at SVSP Facility-B gymnasium" even though Plaintiff claimed to have a known enemy in that yard, and Plaintiff has adequately linked Defendant Barroso to his claim;
>
> (2) a claim of the use of excessive force in violation of Plaintiff's Eighth Amendment rights, stemming from the June 11, 2017 incident in which Plaintiff was thrown out of his wheelchair and other acts of excessive force was used against him while he was handcuffed, and Plaintiff has adequately linked Defendants Reynoso, Cervantes and John Does 1&2 to his claim;
>
> (3) a claim of a violation of Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment, stemming from Defendants "keeping Plaintiff in restraints (handcuffs) that were so tight that they were restricting circulation to Plaintiff's hand, and forcefully removing Plaintiff from his wheelchair to an [i]naccessible stand-up holding cell" during the June 11, 2017 incident, and Plaintiff has adequately linked Defendants Reynoso, Cervantes and John Does 1&2 to his claim; and
>
> (4) a retaliation claim against Defendant Reynoso for "retaliat[ing] against Plaintiff for accidentally touching his vest with the back of the wheelchair, followed by him falsifying [the] Rules Violation Report against [Plaintiff], and fabricating the charge of Battery on a Peace Officer.

Dkt. 1 at 14-17.

Regarding Defendants John Doe 1&2, Plaintiff describes them as SVSP correctional officers, but states that he does know these Defendants' names. *Id.* at 3. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespi*e, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Plaintiff must provide to the Court the names of Defendants John Does 1&2 by the date scheduled in this Order

for any served Defendant to file a dispositive motion.  Failure to do so will result in dismissal of Defendants John Does 1&2 *without prejudice to Plaintiff filing new actions against them once their names are known.*

### IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court finds that Plaintiff has alleged the cognizable claims listed above against the named Defendants.

2. Plaintiff must provide to the Court the names of Defendants John Does 1&2 by the dispositive motion due date indicated below.  Failure to do so will result in dismissal of Defendants John Does 1&2 without prejudice to Plaintiff filing new actions against them once their names are known.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1) and a copy of this Order to the following Defendants at SVSP: **Sergeant M. Barroso as well as Correctional Officers R. Reynoso and M. Cervantes.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the

waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

1    to summary judgment under Rule 56. *Id*. But if material facts are disputed, summary judgment
2    should be denied and the district judge, rather than a jury, should determine the facts in a
3    preliminary proceeding. *Id*. at 1168.
4        If Defendants are of the opinion that this case cannot be resolved by summary judgment,
5    they shall so inform the Court prior to the date the summary judgment motion is due. All papers
6    filed with the Court shall be promptly served on Plaintiff.
7        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
8    and served on Defendants no later than **twenty-eight (28) days** after the date on which
9    Defendants' motion is filed.
10       c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of
11   the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you
12   must do in order to oppose a motion for summary judgment. Generally, summary judgment must
13   be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
14   any fact that would affect the result of your case, the party who asked for summary judgment is
15   entitled to judgment as a matter of law, which will end your case. When a party you are suing
16   makes a motion for summary judgment that is supported properly by declarations (or other sworn
17   testimony), you cannot simply rely on what your complaint says. Instead, you must set out
18   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
19   as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
20   documents and show that there is a genuine issue of material fact for trial. If you do not submit
21   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
22   If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154
23   F.3d at 962-63.
24       Plaintiff also is advised that—in the rare event that Defendants argue that the failure to
25   exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
26   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
27   prejudice. To avoid dismissal, you have the right to present any evidence to show that you did
28   exhaust your available administrative remedies before coming to federal court. Such evidence

may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.        Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.        The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.        Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.        All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.        It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

*se* party indicating a current address.  *See* L.R. 3-11(b).

        9.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: July 27, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge